

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 1 3 2016

JAMES W. McCORMACK, CLERK
By: _____
                          DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CGB DIVERSIFIED SERVICES, INC. | | PLAINTIFF |
| VS. | CASE NO. 4:15-cv-291-SWW | |
| BOBBY MILLS and U.S. CROP INSURANCE, LLC | | DEFENDANTS |

### CONSENT JUDGMENT

Based upon the agreement of the parties, the Court hereby finds and orders the following:

1. Plaintiff CGB Diversified Services, Inc. (CGBDS) is a Louisiana corporation registered to do business in Arkansas.

2. Defendant Bobby Mills ("Mills") is an individual residing in Jonesboro, Craighead County, Arkansas.

3. Defendant U.S. Crop Insurance, LLC ("U.S. Crop") is an Arkansas limited-liability company.

4. In February 2013, CGBDS, Mills, and U.S. Crop entered into a Purchase Agreement whereby Mills and U.S. Crop agreed to sell U.S. Crop's book of business and related goodwill to CGBDS. Mills received over $2 million for the book.

5. After the sale, Mills became a full-time employee of CGBDS, where he worked as a crop-insurance agent under the job title "risk management specialist." Mills' job duties required him to sell insurance policies only from Diversified Crop Insurance Services (DCIS), a division of CGBDS.

6. On May 26, 2015, CGBDS filed suit against Mills and U.S. Crop, asserting claims for breach of contract, unjust enrichment, and breach of fiduciary duty.

7. The Court finds that it has jurisdiction over each of the parties and the subject matter of this action and that venue is proper in this Court.

8. Mills hereby admits that during his employment with CGBDS, he breached his fiduciary duty of loyalty to CGBDS.

9. Mills hereby consents to a judgment in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) in favor of plaintiff CGBDS.

10. Mills further consents that for a period of one year beginning on September 1, 2016, Mills shall not solicit any individual or entity that had a crop insurance policy with DCIS during the last 12 months of Mills' employment with CGBDS. Mills has been provided with a listing of the customers that he is prohibited from soliciting. For purposes of this Consent Judgment, "solicit" means direct or indirect communication, whether verbal or written, with any individual or entity that had a crop insurance policy during the last 12 months of Mills' employment with CGBDS, for the purpose of providing contact information or any other business purpose, whether or not said communication is initiated by the customer.

11. Mills further consents that for a period of one year beginning on September 1, 2016, Mills shall not service any individual or entity that had a crop insurance policy with DCIS during the last 12 months of Mills' employment with

CGBDS. Mills has been provided with a listing of the customers that he is prohibited from servicing. For purposes of this Consent Judgment, "service any individual or entity" means to provide to an individual or entity any information or assistance related to crop insurance or other agricultural risk-management services. The prohibition on servicing these customers shall cease as to any customers of W.C. Mills in the event that W.C. Mills dies or becomes incapacitated during the one-year period.

12. This case will be administratively closed. However, this Court will retain jurisdiction if it becomes necessary to enforce the parties' settlement agreement or this Consent Judgment. The Court may reopen the case at the request of any party or on its own motion.

IT IS SO ORDERED THIS 13th DAY OF SEPTEMBER, 2016.

                                                                               United States District Judge